■ SAMUEL DRUCKER, Appellant-Respondent, v ANGELO ALFIERI, Respondent-Appellant. [711 NYS2d 747] —In an action, *inter alia,* to recover on a promissory note, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated July 28, 1999, as denied his motion for summary judgment, and the defendant cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The defendant purchased a motorboat from a boatyard for $69,000, executing a promissory note in favor of NationsBank and securing the note with a mortgage on the boat. The following year he traded the boat for a larger vessel. According to the defendant, the boatyard promised to assume the payments on the note and satisfy the debt from the proceeds of a resale of the boat. The boatyard immediately resold the boat to the plaintiff, but did not apply the proceeds to the debt or keep current on the note payments, and thereafter filed for bankruptcy. The bank foreclosed its mortgage on the boat and seized

it from the plaintiff. The defendant defaulted in the foreclosure action. The bank then agreed with the plaintiff to discontinue the foreclosure action, sold the boat to the plaintiff at a private sale for $32,000, and assigned the promissory note and mortgage to the plaintiff, who commenced this action.

The Supreme Court properly denied the plaintiff's motion and the defendant's cross motion for summary judgment. The record presents questions of fact, *inter alia*, as to whether the private sale of the boat by the bank to the plaintiff took place in a "commercially reasonable" manner (*see,* Uniform Commercial Code § 9-504 [3]) in regard to the notice provided to the defendant of the sale and the adequacy of the sale price.

Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.